Filed 1/4/22  P. v. Valdez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078638 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN244669) |
| IRWIN DWAYNE VALDEZ et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Reversed and remanded with directions.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant Irwin Dwayne Valdez.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant Adan Valdez.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Irwin Valdez (Irwin) and Adan Valdez (Adan)[1] were both charged with murder in the same case. Both entered into plea bargains under the terms of which both appellants pleaded guilty to voluntary manslaughter (Pen. Code,[2] § 192, subd. (a)). Adan stipulated to a term of 15 years in prison. Irwin agreed to a term of 23 years in prison.

In 2019, Appellants each filed petitions for resentencing under section 1170.95. The court appointed counsel and received briefing. The court then denied the petitions, finding convictions for manslaughter were not eligible for resentencing under section 1170.95.

Both Appellants have appealed the denial of their resentencing petitions.

While this case has been pending, the Legislature enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) (effective January 1, 2022). The bill amends section 1170.95 as relevant here, making convictions for manslaughter obtained as lesser offenses of murder, eligible for resentencing. Senate Bill 775 was not in effect when the trial court ruled on the petitions.

After Senate Bill 775 was enacted, we requested and received supplemental briefs on the effect of the new legislation. The Appellants contend and the Attorney General agrees, the orders must be reversed, and the matter remanded to the trial court for an evidentiary hearing.[3]

---

[1] Since both Appellants have the same last name, we will use their first names for convenience where appropriate. No disrespect is intended.

[2] All further statutory references are to the Penal Code.

[3] The facts of the underlying offenses are not relevant to the issues presented by this appeal. We will omit a statement of facts.

## DISCUSSION

The Appellants' appeals were not final as of the effective date of Senate Bill 775.  Thus, the Appellants are entitled to receive the benefits of the new legislation if they otherwise qualify.  (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)  Since the statute had not been enacted when the trial court ruled on the petitions, we must remand the case to the Superior Court.

After reviewing the record, the Attorney General also correctly concedes we should direct the trial court to issue an order to show cause and to hold an evidentiary hearing as required by section 1170.95.

Our review of the record and the new legislation convinces us the parties are correct in their analysis of these appeals.  We will reverse and remand with directions.

## DISPOSITION

The orders denying the Appellants' petitions are reversed.  The case is remanded to the superior court with directions to issue orders to show cause

and to conduct evidentiary hearings as required by statute.  We express no opinion as to the correct outcome of such evidentiary hearings.


                                                        HUFFMAN, J.

WE CONCUR:



McCONNELL, P. J.



DO, J.